EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

WAYNE EVANS,

                                    Plaintiff,

          -against-

HUDSON MORRIS, BERNARD WALTON,
PHILIP SMITH and CRYSTAL SMITH,

                                    Defendants

------------------------------------------------------------X

Index No: 302959-2016
Date Purchased: 08/30/2016
Plaintiff designate
**BRONX COUNTY**
as Place of Trial
Basis of Venue:
Location of Accident
**SUMMONS**
East New York Avenue
Bronx, New York

**TO THE ABOVE NAMED DEFENDANTS:**

          **YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action and to serve a

copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of

Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons,

exclusive of the date of service (or within thirty (30) days after service is complete if the Summons is

not personally delivered to you in the State of New York); in the case of your failure to appear or

Answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:  Hauppauge, New York
          August 22, 2016

                                    LAW OFFICE OF KENNETH M. MOLLINS, P.C.

                                    By: KENNETH M. MOLLINS, ESQ.
                                    Attorneys for Plaintiff
                                    **WAYNE EVANS**
                                    1393 Veterans Memorial Highway, Suite 101S
                                    Hauppauge, New York 11788
                                    (631) 608-4100
                                    File Number: 20150805

1

**Defendants' addresses**

**BERNARD WALTON**
**135 Black Jack Road**
**Kelford, North Carolina 27847**

**HUDSON MORRIS**
**351 Woodberry Drive**
**Orangeburg, South Carolina 29115**

**PHILIP SMITH**
**1021 Trestle Way**
**Chesapeake, VA 23324**

**CRYSTAL SMITH**
**1021 Trestle Way**
**Chesapeake, VA 23324**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

WAYNE EVANS,                                              Index No:302959-2016

                        Plaintiff,

                                                         **VERIFIED COMPLAINT**

          - against -

HUDSON MORRIS, BERNARD WALTON,
PHILIP SMITH and CRYSTAL SMITH,

                        Defendants.
------------------------------------------------------------------X

      Plaintiff, WAYNE EVANS, by her attorneys, LAW OFFICE OF KENNETH M.

MOLLINS, set forth and allege the following upon information and belief:

      1.      That at all times mentioned herein, Plaintiff, WAYNE EVANS, was and

still is a resident of the State of Connecticut.

      2.      That at all times mentioned herein, Defendant, BERNARD WALTON was and still is

a resident of the State of North Carolina.

      3.      That at all times mentioned herein, Defendant, PHILIP SMITH, was and still is a

resident of the State of Virginia.

      4.      That at all times mentioned herein, Defendant, CRYSTAL SMITH, was and still is a

resident of the State of Virginia.

      5.      That at all times mentioned herein, Defendant, HUDSON MORRIS., was

and still is a domestic corporation, organized and existing under and by virtue of the laws of

the State of New York and registered to do business in the County of Bronx.

      6.      That at all times mentioned herein, Defendant, HUDSON MORRIS was and still is a

foreign corporation authorized and existing under and by virtue of the laws of the State of New York

3

and registered to do business in the County of Bronx.

7.      That at all times mentioned herein, Defendant, HUDSON MORRIS was and still is a partnership, organized and existing under and by virtue of the laws of the State of New York and registered to do business in the County of Bronx.

8.      That at all times mentioned herein, Defendant, HUDSON MORRIS was and still is a sole proprietorship, organized and existing under and by virtue of the laws of the State of New York and registered to do business in the County of Bronx.

9.      That at all times mentioned herein, Defendant, HUDSON MORRIS was and still is a joint venture, organized and existing under and by virtue of the laws of the State of New York and registered to do business in the County of Bronx.

10.      That at all times mentioned herein, Defendant, HUDSON MORRIS was doing business in the State of New York and registered to do business in the County of Bronx.

11.      That at all times mentioned herein, HUDSON MORRIS was the owner of a certain 1998 Kenworth motor vehicle bearing South Carolina State License Plate Number P762706.

12.      That at all times mentioned herein, Defendant, HUDSON MORRIS was responsible for the management of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

13.      That at all times mentioned herein, Defendant, HUDSON MORRIS was responsible for the maintenance and/or repair of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

4

14.    That at all times mentioned herein, Defendant, HUDSON MORRIS was responsible for the operation of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

15.    That at all times mentioned herein, Defendant, HUDSON MORRIS was responsible for the control of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

16.    That at all times mentioned herein, Defendant, BERNARD WALTON, was the operator of the aforesaid motor vehicle bearing South Carolina License Plate Number P762706.

17.    That at all times mentioned herein, Defendant, BERNARD WALTON, was the operator of the aforesaid motor vehicle bearing South Carolina State License Plate Number P972706, with the express permission and consent of its owner.

18.    That at all times mentioned herein, Defendant, BERNARD WALTON, was the operator of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706, with the implied permission and consent of its owner.

19.    That at all times mentioned herein, Defendant, BERNARD WALTON, was responsible for the management of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

20.    That at all times mentioned herein, Defendant, BERNARD WALTON, was responsible for the maintenance and/or repair of the aforesaid motor vehicle bearing a South Carolina State License Plate Number P762706.

21.    That at all times mentioned herein, Defendant, BERNARD WALTON, was responsible for the operation of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

5

22.     That at all times mentioned herein, Defendant, BERNARD WALTON, was responsible for the control of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

23.     That at all times mentioned herein, Defendant, PHILIP SMITH, was the owner of a 2009 Nissan motor vehicle bearing Virginia State License Plate Number WNY6924.

24.     That at all times mentioned herein, Defendant, PHILIP SMITH, was responsible for the management of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

25.     That at all times mentioned herein, Defendant, PHILIP SMITH was responsible for the maintenance and/or repair of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

26.     That at all times mentioned herein, Defendant, PHILIP SMITH, was responsible for the operation of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

27.     That at all times mentioned herein, Defendant, PHILIP SMITH, was responsible for the control of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

28.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was the operator of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

29.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was the operator of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924, with the express permission and consent of its owner.

30.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was the operator of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924, with the implied permission and consent of its owner.

6

31.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was responsible for the management of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

32.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was responsible for the maintenance and/or repair of the aforesaid motor vehicle bearing a Virginia State License Plate Number WNY6924.

33.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was responsible for the operation of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

34.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was responsible for the control of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

35.     That at all times mentioned herein, Plaintiff, WAYNE EVANS, was a passenger of the aforesaid motor vehicle bearing Virginia State License Plate Number Number WNY6924.

36.     That on August 8, 2016, at approximately 6:15 P.M., the aforesaid motor vehicles were traveling on East New York Avenue at or near its intersection with Mother Gaston Boulevard, County of Bronx, State of New York.

37.     That East New York Avenue and Mother Gaston Boulevard, County of Bronx, State of New York, were and still are public roadways and/or highways.

38.     That at all times mentioned herein, Defendants, carelessly, recklessly and negligently owned, managed, maintained and/or repaired, operated and controlled the aforesaid motor vehicles causing same to strike the vehicle occupied by Plaintiff, WAYNE EVANS.

7

39.    That as a result of said collision, Plaintiff, WAYNE EVANS, was caused to sustain severe personal injuries and bodily pain, to become sick, sore, lame and disabled, and to sustain a serious injury as defined in §5102(d) of the Insurance Law of the State of New York.

40.    Said incident and resulting injuries were caused solely by the negligence of the Defendants in the ownership, management, maintenance and/or repair, operation and control of their aforesaid motor vehicle.

41.    That said incident and injuries sustained by Plaintiff, WAYNE EVANS, were caused without any fault on the part of the Plaintiff herein.

42.    That as a result of the aforesaid, Plaintiff, WAYNE EVANS, has been damaged in an amount to be determined by a trier of fact at a trial of the issues set forth herein.

**WHEREFORE**, Plaintiff, WAYNE EVANS, demands Judgment against the Defendants in An amount to be determined by a trier of fact at a trial of the issues set forth herein, together with the interest, costs and disbursements of this action. The amount prayed for herein exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

Dated: Hauppauge, New York
        August 22, 2016

                        LAW OFFICE OF KENNETH M. MOLLINS,

                        BY: KENNETH M. MOLLINS, ESQ.
                        Attorneys for Plaintiff
                        **WAYNE EVANS**
                        1393 Veterans Memorial Highway – Ste#101S
                        Hauppauge, New York 11788
                        (631) 608-4100
                        File Number: 20150805

T:\Cosette\S&C\Evans, Wayne v Bernard Walton.doc

8

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF SUFFOLK    )

I, WAYNE EVANS _____ , being duly sworn, deposes and says:

I am a Plaintiff in the within action.

I have read the foregoing **VERIFIED COMPLAINT** and know the contents

thereof, the same is true to my own knowledge, except as to those matters therein

alleged to be on information and belief, and as to those matters I believe it to be true.

Sworn to before me this 22nd
day of August        ,201 6

_____
**Notary Public**

KENNETH M MOLLINS
Notary Public, State of New York
No. 62MO4758250
Qualified in Nassau County
Commission Expires August 30, 20___

T:\BRENDA\OFFICE\CLIENT.VERIFIED COMPLAINT.DOC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
WAYNE EVANS,

                                    Plaintiff,

            -against-

MORRIS HUDSON, BERNARD WALTON,
PHILIP SMITH and CRYSTAL SMITH,

                                    Defendants

-----------------------------------------------------------------X

Index No: 302959-2016
Date Purchased:08/30/2016
Plaintiff designate
**BRONX COUNTY**
as Place of Trial
Basis of Venue:
Location of Accident
**AMENDED SUMMONS**
East New York Avenue
Bronx, New York

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to Answer the Amended Complaint in this action and to serve a

copy of your Amended Answer, or, if the Amended Complaint is not served with this Amended Summons, to

serve a Notice of Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this

Amended Summons, exclusive of the date of service (or within thirty (30) days after service is complete if the

Amended Summons is not personally delivered to you in the State of New York); in the case of your failure to

appear or Answer, Judgment will be taken against you by default for the relief demanded in the Amended

Complaint.

Dated:  Hauppauge, New York
       October 27, 2016

LAW OFFICE OF KENNETH M. MOLLINS, P.C.

By: KENNETH M. MOLLINS, ESQ.
Attorneys for Plaintiff
WAYNE EVANS
1393 Veterans Memorial Highway, Suite 101S
Hauppauge, New York 11788
(631) 608-4100
File Number: 20150805

1

<u>Defendants' addresses</u>

**BERNARD WALTON**
**135 Black Jack Road**
**Kelford, North Carolina 27847**

**MORRIS HUDSON**
**351 Woodberry Drive**
**Orangeburg, South Carolina 29115**

**PHILIP SMITH**
**c/o Law Office of Dennis C. Bartling**
**Attorney for Defendant**
**Philip Smith**
**875 Merrick Avenue**
**Westbury, N.Y. 11590**

**CRYSTAL SMITH**
**c/o Law Office of Dennis C. Bartling**
**Attorney for Defendant**
**Crystal Smith**
**875 Merrick Avenue**
**Westbury, N.Y. 11590**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

WAYNE EVANS,                                            Index No:302959-2016

                  Plaintiff,                    **AMENDED**
                                                **VERIFIED COMPLAINT**

    - against -

MORRIS HUDSON, BERNARD WALTON,
PHILIP SMITH and CRYSTAL SMITH,

                  Defendants.
-----------------------------------------------------------------X

      Plaintiff, WAYNE EVANS, by her attorneys, LAW OFFICE OF KENNETH M.

MOLLINS, set forth and allege the following upon information and belief:

      1.     That at all times mentioned herein, Plaintiff, WAYNE EVANS, was and

still is a resident of the State of Connecticut.

      2.     That at all times mentioned herein, Defendant, BERNARD WALTON was and still is

a resident of the State of North Carolina.

      3.     That at all times mentioned herein, Defendant, PHILIP SMITH, was and still is a

resident of the State of Virginia.

      4.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was and still is a

resident of the State of Virginia.

      5.     That at all times mentioned herein, Defendant, MORRIS HUDSON, was and still is a

resident of the State of South Carolina.

      6.     That at all times mentioned herein, Defendant, MORRIS HUDSON., was and still is a

domestic corporation, organized and existing under and by virtue of the laws of the State of New

York and registered to do business in the County of Bronx.

3

7.    That at all times mentioned herein, Defendant, MORRIS HUDSON was and still is a foreign corporation authorized and existing under and by virtue of the laws of the State of New York and registered to do business in the County of Bronx.

8.    That at all times mentioned herein, Defendant, MORRIS HUDSON was and still is a partnership, organized and existing under and by virtue of the laws of the State of New York and registered to do business in the County of Bronx.

9.    That at all times mentioned herein, Defendant, MORRIS HUDSON was and still is a sole proprietorship, organized and existing under and by virtue of the laws of the State of New York and registered to do business in the County of Bronx.

10.    That at all times mentioned herein, Defendant, MORRIS HUDSON was and still is a joint venture, organized and existing under and by virtue of the laws of the State of New York and registered to do business in the County of Bronx.

11.    That at all times mentioned herein, Defendant, MORRIS HUDSON was doing business in the State of New York and registered to do business in the County of Bronx.

12.    That at all times mentioned herein, MORRIS HUDSON was the owner of a certain 1998 Kenworth motor vehicle bearing South Carolina State License Plate Number P762706.

13.    That at all times mentioned herein, Defendant, MORRIS HUDSON was responsible for the management of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

14.    That at all times mentioned herein, Defendant, MORRIS HUDSON was responsible for the maintenance and/or repair of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

4

15.   That at all times mentioned herein, Defendant, MORRIS HUDSON was responsible for the operation of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

16.   That at all times mentioned herein, Defendant, MORRIS HUDSON was responsible for the control of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

17.   That at all times mentioned herein, Defendant, MORRIS HUDSON, was the owner of a 1998 Kenworth motor vehicle bearing South Carolina State License Plate Number P762706.

18.   That at all times mentioned herein, Defendant, MORRIS HUDSON, was responsible for the management of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

19.   That at all times mentioned herein, Defendant, MORRIS HUDSON was responsible for the maintenance and/or repair of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

20.   That at all times mentioned herein, Defendant, MORRIS HUDSON, was responsible for the operation of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

21.   That at all times mentioned herein, Defendant, MORRIS HUDSON, was responsible for the control of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

22.   That at all times mentioned herein, Defendant, PHILIP SMITH, was the operator

23.   That at all times mentioned herein, Defendant, BERNARD WALTON, was the operator of the aforesaid motor vehicle bearing South Carolina License Plate Number P762706.

5

24.    That at all times mentioned herein, Defendant, BERNARD WALTON, was the operator of the aforesaid motor vehicle bearing South Carolina State License Plate Number P972706, with the express permission and consent of its owner.

25.    That at all times mentioned herein, Defendant, BERNARD WALTON, was the operator of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706, with the implied permission and consent of its owner.

26.    That at all times mentioned herein, Defendant, BERNARD WALTON, was responsible for the management of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

27.    That at all times mentioned herein, Defendant, BERNARD WALTON, was responsible for the maintenance and/or repair of the aforesaid motor vehicle bearing a South Carolina State License Plate Number P762706.

28.    That at all times mentioned herein, Defendant, BERNARD WALTON, was responsible for the operation of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

29.    That at all times mentioned herein, Defendant, BERNARD WALTON, was responsible for the control of the aforesaid motor vehicle bearing South Carolina State License Plate Number P762706.

30.    That at all times mentioned herein, Defendant, CRYSTAL SMITH, was the owner of a 2009 Nissan motor vehicle bearing Virginia State License Plate Number WNY6924.

31.    That at all times mentioned herein, Defendant, CRYSTAL SMITH, was responsible for the management of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

6

32.     That at all times mentioned herein, Defendant, CRYSTAL SMITH was responsible for the maintenance and/or repair of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

33.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was responsible for the operation of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

34.     That at all times mentioned herein, Defendant, CRYSTAL SMITH, was responsible for the control of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

35.     That at all times mentioned herein, Defendant, PHILIP SMITH, was the operator of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

36.     That at all times mentioned herein, Defendant, PHILIP SMITH, was the operator of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924, with the express permission and consent of its owner.

37.     That at all times mentioned herein, Defendant, PHILIP SMITH, was the operator of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924, with the implied permission and consent of its owner.

38.     That at all times mentioned herein, Defendant, PHILIP SMITH, was responsible for the management of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

39.   That at all times mentioned herein, Defendant, PHILIP SMITH, was responsible for the maintenance and/or repair of the aforesaid motor vehicle bearing a Virginia State License Plate Number WNY6924.

7

40.    That at all times mentioned herein, Defendant, PHILIP SMITH, was responsible for the operation of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

41.    That at all times mentioned herein, Defendant, PHILIP SMITH, was responsible for the control of the aforesaid motor vehicle bearing Virginia State License Plate Number WNY6924.

42.    That at all times mentioned herein, Plaintiff, WAYNE EVANS, was a passenger of the aforesaid motor vehicle bearing Virginia State License Plate Number Number WNY6924.

43.    That on August 8, 2015, at approximately 6:15 P.M., the aforesaid motor vehicles were traveling on East New York Avenue at or near its intersection with Mother Gaston Boulevard, County of Bronx, State of New York.

44.    That East New York Avenue and Mother Gaston Boulevard, County of Bronx, State of New York, were and still are public roadways and/or highways.

45.    That at all times mentioned herein, Defendants, carelessly, recklessly and negligently owned, managed, maintained and/or repaired, operated and controlled the aforesaid motor vehicles causing same to strike the vehicle occupied by Plaintiff, WAYNE EVANS.

46.    That as a result of said collision, Plaintiff, WAYNE EVANS, was caused to sustain severe personal injuries and bodily pain, to become sick, sore, lame and disabled, and to sustain a serious injury as defined in §5102(d) of the Insurance Law of the State of New York.

47.    Said incident and resulting injuries were caused solely by the negligence of the Defendants in the ownership, management, maintenance and/or repair, operation and control of their aforesaid motor vehicle.

8

48.     That said incident and injuries sustained by Plaintiff, WAYNE EVANS, were caused without any fault on the part of the Plaintiff herein.

49.     That as a result of the aforesaid, Plaintiff, WAYNE EVANS, has been damaged in an amount to be determined by a trier of fact at a trial of the issues set forth herein.

**WHEREFORE,** Plaintiff, WAYNE EVANS, demands Judgment against the Defendants in An amount to be determined by a trier of fact at a trial of the issues set forth herein, together with the interest, costs and disbursements of this action. The amount prayed for herein exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

Dated: Hauppauge, New York
       October 27, 2016

                              LAW OFFICE OF KENNETH M. MOLLINS,

                              BY: KENNETH M. MOLLINS, ESQ.
                              Attorneys for Plaintiff
                              **WAYNE EVANS**
                              1393 Veterans Memorial Highway – Ste#101S
                              Hauppauge, New York 11788
                              (631) 608-4100
                              File Number: 20150805

T:\Cosette\S&C\Evans, Wayne v Bernard Walton- Amended.doc

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

WAYNE EVANS,

Index No: 302959-2016

                    Plaintiff,                    **VERIFICATION**

         - against -

MORRIS HUDSON, BERNARD WALTON,
PHILIP SMITH and CRYSTAL SMITH,

                    Defendants.
------------------------------------------------------------------X

I, **KENNETH M. MOLLINS**, the undersigned, an attorney duly admitted to practice law in the State of New York, hereby stated that I am the associate for the LAW OFFICE OF KENNETH M. MOLLINS, PC., who is the attorney of record for the claimant in the within action; I have read the foregoing **AMENDED SUMMONS AND COMPLAINT** and know the contents thereof: the same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this verification is made by me and not by the claimant is that the claimant resides out of the County in which I maintain my office.

The grounds of my belief as to all matters not stated upon my own knowledge is the information contained in my files.

_____
KENNETH M. MOLLINS

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------x

WAYNE EVANS,                                           Index No.: 302959/2016

                                   Plaintiff,          **VERIFIED ANSWER
                                                       TO AMENDED
            - against -                                VERIFIED COMPLAINT
                                                       WITH CROSS-CLAIMS**

MORRIS HUDSON, BERNARD WALTON,
PHILIP SMITH and CRYSTAL SMITH,

                                   Defendants.
------------------------------------------------------------------x

        Defendants MORRIS HUDSON and BERNARD WALTON by and through their

attorneys, GALLO VITUCCI KLAR LLP answering the Amended Verified Complaint of

Plaintiff, respectfully state and allege, upon information and belief as follows:

        1.      Deny any knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs "1", "3", "4", "11", "13", "14", "15", "16", "18", "19", "20",

"21", "22", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38",

"39", "40", "41", "42", "43" and "44" of the Amended Verified Complaint, and respectfully

refer all questions of law to the Honorable Court at the time of trial of this matter.

        2.      Deny each and every allegation contained in paragraphs "6", '7", "8", "9", "10",

"45", "46", "47", "48" and "49" of the Amended Verified Complaint, and respectfully refer all

questions of law to the Honorable Court at the time of trial of this matter.

        3.      Deny each and every allegation contained in paragraph "24" of the Amended

Verified Complaint, except admit that Defendant Bernard Walton was operating bearing South

Carolina license plate P762706 on August 8, 2016 with permission of Defendant Morris Hudson.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3.    That the injuries and/or damages allegedly sustained by the Plaintiff was caused, in whole or in part, by the failure of the Plaintiff to utilize and/or properly utilize available seat belts and/or other safety devices available.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4.    Pursuant to CPLR 4545(c), if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event, the answering Defendants hereby plead in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5.    Answering Defendants are entitled to limitation of liability pursuant to Article 16 of the CPLR.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6.    A.    The accident described in the Plaintiff's Amended Verified Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the State of New York, Plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B.    The Plaintiff did not sustain a serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7.    The accident described in the Amended Verified Complaint did not result in a grave injury to any Plaintiff as so defined by Section 11 of the Worker's Compensation Law of the State of New York.  Accordingly, the action is barred by the Worker's Compensation Law and Articles 14 and 16 of the CPLR.

## AS AND FOR A FIRST CROSS-CLAIM OVER AND AGAINST
## CO-DEFENDANTS, PHILIP SMITH and CRYSTAL SMITH

8.    In the event that MORRIS HUDSON and BERNARD WALTON herein are held liable for all or any part of the damages alleged to have been sustained by Plaintiff, as set forth in the Amended Verified Complaint, or any cross-claims, which liability is expressly denied, such liability will have been brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care and/or breach of contract on the part of PHILIP SMITH and CRYSTAL SMITH, without any fault, negligence or want of care on the part of MORRIS HUDSON and BERNARD WALTON herein contributing thereto, and as such, PHILIP SMITH

and CRYSTAL SMITH are liable over to MORRIS HUDSON and BERNARD WALTON for contribution for Co-Defendants' proportionate share of any judgment or recovery that Plaintiff may obtain.

### AS AND FOR A SECOND CROSS-CLAIM OVER AND AGAINST CO-DEFENDANTS, PHILIP SMITH and CRYSTAL SMITH

9.      In the event that MORRIS HUDSON and BERNARD WALTON are held liable for all or any part of the damages alleged to have been sustained by Plaintiff, as set forth in the Amended Verified Complaint, or any cross-claims, which liability is expressly denied, such liability will have been brought about and caused solely as a result of the fault, negligence, acts or omissions, want of care and/or breach of contract on the part of PHILIP SMITH and CRYSTAL SMITH, without any fault, negligence or want of care on the part of MORRIS HUDSON and BERNARD WALTON contributing thereto, PHILIP SMITH and CRYSTAL SMITH will be obligated to indemnify MORRIS HUDSON and BERNARD WALTON for common-law indemnification herein against such loss or damages as it may suffer, including without limitation any judgment entered against MORRIS HUDSON and BERNARD WALTON and all costs, disbursements, expenses and attorneys fees incurred in the defense of this action, as provided by applicable law.

**WHEREFORE**, Defendants MORRIS HUDSON and BERNARD WALTON demand judgment dismissing the Amended Verified Complaint, including all claims and cross-claims, or in the event Plaintiff recovers a verdict or judgment against MORRIS HUDSON and BERNARD WALTON then MORRIS HUDSON and BERNARD WALTON demand judgment over and against the parties above-named, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
            December 2, 2016

                                    Yours etc.,

                                    GALLO VITUCCI KLAR LLP

                                    By:    Matthew J. Vitucci, Esq.
                                    *Attorneys for Defendants*
                                    *Morris Hudson and Bernard Walton*
                                    90 Broad Street, 12th Floor
                                    New York, New York 10004
                                    (212) 683-7100
                                    File No.: OOI-2016-9

TO:

            Law Office of Kenneth M. Mollins, P.C.
            *Attorneys for Plaintiff*
            *Wayne Evans*
            1393 Veterans Memorial Highway, Suite 101S
            Hauppauge, New York 11788
            (631) 608-4100
            File No.:  20150805

            Law Office of Dennis C. Bartling
            *Attorneys for Defendants*
            *Philip Smith and Crystal Smith*
            875 Merrick Avenue
            Westbury, New York 11590
            (516) 229-4472

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NASSAU    )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is a member with the firm of Gallo Vitucci Klar LLP attorneys for Defendants MORRIS HUDSON and BERNARD WALTON.

That he has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of your deponent, except as to those matters therein alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this Verification is made by your deponent and not by the Defendants is that said party resides outside the county in which your deponent maintains his office.

That the source of your deponent's information and the grounds of his belief as to all matters therein alleged upon information and belief is reports from and communications had with said party.

Dated: New York, New York
       December 2, 2016

                                        MATTHEW J. VITUCCI

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )      ss.:
COUNTY OF NEW YORK  )

Claudette Garraud, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside in Queens County. That on the 2nd day of December, 2016, I served the within **VERIFIED ANSWER TO AMENDED VERIFIED COMPLAINT WITH CROSS-CLAIMS AND NOTICE TO TAKE EXAMINATION BEFORE TRIAL** on:

Law Office of Kenneth M. Mollins, P.C.
*Attorneys for Plaintiff*
*Wayne Evans*
1393 Veterans Memorial Highway, Suite 101S
Hauppauge, New York 11788
(631) 608-4100
File No.: 20150805

Law Office of Dennis C. Bartling
*Attorneys for Defendants*
*Philip Smith and Crystal Smith*
875 Merrick Avenue
Westbury, New York 11590
(516) 229-4472

those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department.

_____
Claudette Garraud

Sworn to before me this
2nd day of December, 2016

_____
Notary Public

**Yvette Pagan**
**Commissioner of Deeds, City of New York**
**No. 1-6962**
**Cert. Filed in New York County**
**Comm Expires July 1, 2017**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                    INDEX NO.: 302959/2016

————————————————————————————————

WAYNE EVANS,

                            Plaintiff,

    - against -

MORRIS HUDSON, BERNARD WALTON,
PHILIP SMITH and CRYSTAL SMITH,

                            Defendants.

————————————————————————————————

**VERIFIED ANSWER TO AMENDED VERIFIED COMPLAINT WITH CROSS-CLAIMS
AND NOTICE TO TAKE EXAMINATION BEFORE TRIAL**

————————————————————————————————

GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
*Morris Hudson and Bernard Walton*
90 Broad Street, 12th Floor
New York, New York 10004
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: OOI-2016-9